UNITED STATES of America,
Plaintiff-Appellee,

v.

Michael Anton McMAHAN,
Defendant-Appellant.

No. 76–1613.

United States Court of Appeals,
Seventh Circuit.

Argued Nov. 30, 1976.

Decided Feb. 1, 1977.

Certiorari Denied April 25, 1977.
See 97 S.Ct. 1685.

Edward T. Stein, Chicago, Ill., for defendant-appellant.

Samuel K. Skinner, U. S. Atty., Thomas A. Mauet, Asst. U. S. Atty., Chicago, Ill., for plaintiff-appellee.

Before FAIRCHILD, Chief Judge, CASTLE, Senior Circuit Judge, and WOOD, Circuit Judge.

CASTLE, Senior Circuit Judge.

Defendant was convicted after a bench trial of having transported in interstate commerce certain stolen rare books, including a copy of Shelley's "Adonais," the books having a value of $5,000 or more and the defendant knowing that they had been stolen, in violation of 18 U.S.C. § 2314. The sole issue raised by defendant on appeal is whether the district court erred in finding that the books in question had a "value" of $5,000 or more within the meaning of section 2314. We affirm.

The parties stipulated before trial that the fair market value of all the books except the "Adonais" volume, at the time they were transported in interstate commerce, was $800. At trial, the Government, presented four expert witnesses, each of whom testified to the market value of the "Adonais" volume at the time of trial in May, 1976, and at the time the books were transported in interstate commerce in June, 1975. Their valuations ranged from $6,000 to $8,000. The defendant presented two expert witnesses. One testified to the book's value at the time and place of trial. Both also testified to its value at the time and place to which it was transported (Chicago, Illinois, in June, 1975) and to its value at the time and place the book was stolen (Claremont, California in August, 1972). Their estimates of the book's value at all these times and places were from $2,000 to $2,500.

Defendant contends that the only proper measure for determining the value of the "Adonais" copy under section 2314 was its market value at the time and place the book was stolen. He asserts that the Government did not present sufficient evidence to prove the requisite value because it did not offer any direct evidence of the book's value in August, 1972, at Claremont, California, and because the defendant's evi-

dence of its value then and there was uncontradicted. We reject the defendant's limited view of the standard to be applied in determining value under section 2314.

We start by noting that neither section 2314 nor the applicable statutory definition of value limits the standard to market price at the time and place of theft. *See* 18 U.S.C. §§ 2314, 2311. Moreover, although the cases cited by the defendant do support the proposition that market value at time and place of theft is an appropriate, and even customary, standard of "value" under section 2314, they do not hold that "value" must be measured by that standard alone. *See Cave v. United States*, 390 F.2d 58 (8th Cir. 1968); *Herman v. United States*, 289 F.2d 362 (5th Cir.), *cert. denied*, 368 U.S. 897, 82 S.Ct. 174, 7 L.Ed.2d 93 (1961); *Stern v. United States*, 204 F.2d 647 (6th Cir. 1953); *Husten v. United States*, 95 F.2d 168 (8th Cir. 1938). In none of these cases was the standard with respect to time and place disputed by the parties.

We have recognized that the standard for determining value under 18 U.S.C. § 2315, a sister provision of section 2314 outlawing the receipt or concealment of stolen property carried interstate and having a value of $5,000 or more, is not exclusively the market value at the time and place the property is stolen. *United States v. Riso*, 405 F.2d 134 (7th Cir. 1968). Instead, the value of the property may be determined by reference to its market value "at any time during its receipt or concealment." *Id.* at 137. The Congressional purpose under section 2315 of discouraging both the initial taking and the later receipt of stolen property carried interstate is served by permitting its value to be measured either at the time of theft or at the time of receipt. *United States v. Gardner*, 516 F.2d 334, 349 (7th Cir.), *cert. denied*, 423 U.S. 861, 96 S.Ct. 118, 46 L.Ed.2d 89 (1975). Congress plainly intended under section 2314 to discourage both the actual transportation of stolen property in interstate commerce and its initial theft. By permitting value under section 2314 to be determined either as of the date of transportation or as of the date of

theft, that purpose may be advanced without conflict with the purpose of the $5,000 limitation. As the defendant admits, the limitation is designed to avoid overtaxing the Department of Justice and not to protect those who transport stolen property. *United States v. Riso, supra* at 137. We have reexamined the views of the Fourth Circuit with respect to the practical benefit of a single standard, expressed in *United States v. Tippett*, 353 F.2d 335, 337 (4th Cir. 1965), and have determined to abide by our own analysis set forth in *Riso* and *Gardner*. We therefore hold that "value" under section 2314 may be measured by market value at the time the property is actually transported in interstate commerce.

■■■ The evidence offered by the Government is sufficient to support a finding by the district court that the "Adonais" volume had a market value of at least $4,200 at the time it was transported from California to Chicago. The record supports the Government's contention that the price of the book was subject to a broad geographical market, not limited to a particular region of the United States but extending throughout the nation and to Europe. It was therefore unnecessary to present evidence of its price at any particular place in the United States. *See United States v. Riso, supra* at 137.

■■ The defendant's remaining arguments essentially go to the weight of the evidence introduced by the Government and by the defense counsel and are properly addressed to the trier of fact. We reject defendant's contention that the testimony introduced regarding the value of other copies of "Adonais" and of other books sold at the 1959 auction at which the volume in question was sold was irrelevant and prejudicial.

For the reasons stated above, we affirm the judgment of the district court.

Affirmed.